UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|   |   |
|---|---|
| **Victor Leal**, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>**Alex M. Azar II**, et al.,<br><br>          Defendants. | Case No. 2:20-cv-00185-Z |

### PLAINTIFFS' MOTION FOR ENTRY OF
### PARTIAL FINAL JUDGMENT UNDER RULE 54(b)

On December 23, 2020, this Court issued an order dismissing the claims that Mr. Leal and Mr. Von Dohlen had brought against the federal defendants on res judicata grounds. The plaintiffs respectfully ask the Court to enter judgment against Mr. Leal and Mr. Von Dohlen, and in favor of the federal defendants on those claims, so that an appeal may proceed forthwith.[1] The state defendants are unopposed to this motion, but the federal defendants oppose it.

Rule 54(b) allows the Court to enter partial final judgment only "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In making this determination, the Court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. General Electric Co.*,

---

1.   The plaintiffs are not seeking to appeal this Court's dismissal of the claims against the state defendants at this time, so they are not asking this Court to enter judgment in favor of the state defendants. And the plaintiffs are not asking the Court to enter judgment on its dismissal of Ms. Armstrong's nondelegation claim against the federal defendants. They are asking this Court to enter judgment only in favor of the federal defendants and against Mr. Leal and Mr. Von Dohlen, and they intend to appeal *only* the res judicata issue at this time.

446 U.S. 1, 8 (1980). The Court should also consider whether the claims are "separable from the others remaining to be adjudicated," and it must ensure that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. All of these factors support entry of judgment on the res judicata issue.

I.   THERE IS NO JUST REASON FOR DELAY

The Supreme Court's ruling in *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), refused to apply the "common nucleus of operative facts" test for res judicata, which has long been the standard that American courts apply in determining whether a litigant is entitled to pursue a claim that it could have raised in an earlier lawsuit.[2] Instead, the *Hellerstedt* Court held that the "common nucleus of operative facts" test should not apply when "important human values" are at stake—and that even the slightest change of circumstances allows abortion litigants to avoid res judicata and litigate claims that they undoubtedly could have brought in a previous lawsuit. *See Hellerstedt*, 136 S. Ct. at 2305 ("[W]here 'important human values—such as the lawfulness of continuing personal disability or restraint—are at stake, even a slight change of circumstances may afford a sufficient basis for concluding that a second action may be brought.'" (quoting Restatement (Second) of Judgments § 24, Comment *f* (1980)); *id*. at 2306 ("The claims in both *Abbott* and the present case involve 'important human values.'" (quoting Restatement (Second) of Judgments

---

2.   *See* Restatement (Second) of Judgments § 24(1) (1982) ("When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."); David P. Currie, *Res Judicata: The Neglected Defense*, 45 U. Chi. L. Rev. 317, 337 (1978) ("Even under the first Restatement of Judgments, the plaintiff who lost a lawsuit was not permitted to try again on the basis of new evidence or a different legal theory").

§ 24, Comment *f*)). Many commentators have noted that *Hellerstedt* departs from "common nucleus of operative facts" test and establishes a more lenient regime in cases that implicate "important human values" (whatever that means).³

The plaintiffs wish to appeal the Court's res judicata holding at this time because it presents an issue of crucial importance: Does the res judicata holding of *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), apply only to abortion cases, or does it apply to *all* cases that implicate "important human values"? This Court

---

3. *See, e.g.*, Lee Kovarsky, *Preclusion and Criminal Judgment*, 92 Notre Dame L. Rev. 637, 646 (2016) ("Just last term, the Supreme Court indicated that res judicata rules operated differently in challenges to anti-abortion laws because of their impact on 'important human values.'"); *See* Riley T. Keenan, *Identity Crisis: Claim Preclusion in Constitutional Challenges to Statutes*, 20 U. Pa. J. Const. L. 371, 385–86 (2017) ("[T]he Court conspicuously avoided using the word 'transaction' throughout its opinion—the word appears outside of quotation marks only once, in a passage that criticizes the Fifth Circuit's own application of the transactional approach. Given that both the Fifth Circuit and the dissent explicitly applied the transactional approach to the plaintiffs' claims, the Court's care to avoid endorsing that approach cannot be dismissed as an oversight."); *id.* at 399 ("*Hellerstedt* sets forth a special rule for constitutional challenges to statutes that is significantly narrower than the rule prescribed by the transactional approach for ordinary civil litigation."); *id.* at 402 "*Hellerstedt* requires a rejection of the transactional approach to claim preclusion for challenges to statutes"); Elizabeth Price Foley, *Whole Woman's Health and the Supreme Court's Kaleidoscopic Review of Constitutional Rights*, 2016 Cato Sup. Ct. Rev. 153, 171 ("[*Hellerstedt*] engaged in remarkable contortions of procedural law, including distortion of the principle of *res judicata*. Specifically, the majority concluded that the second lawsuit was not the same claim as the first lawsuit, invoking an obscure and controversial comment found in the Restatement (Second) of Judgments that suggested that cases involving 'important human values' should generally not be dismissed if a 'slight change of circumstances may afford a sufficient basis for concluding that a second action may be brought.' But as Justice Samuel Alito's dissent points out, this conclusion is 'plainly wrong' because both the first and second lawsuits arose out of the same transaction or occurrence—namely, the passage of H.B. 2." (footnotes omitted)); *id.* ("Contrary to the majority's claim, the Restatement comment relied on by the majority was designed only to illustrate the unremarkable proposition that a new legal claim based on *postjudgment acts* should generally be permitted in cases such as child custody or similar status adjudications, not cases seeking to relitigate the *same transaction* challenged in the prior lawsuit with 'better evidence.'" (footnote omitted)).

concluded (not implausibly) that the *Hellerstedt* Court was using "important human values" as a "euphemism for abortion,"[4] and it regarded *Hellerstedt* as yet another case in which the Supreme Court departs from established rules and doctrines to advance the cause of abortion rights. *See* Opinion and Order (ECF No. 21) at 19 ("The Supreme Court treats abortion differently. It always has."). But the Supreme Court has never attempted to justify its practice of giving special dispensations to litigants who challenge abortion statutes.[5] And three new justices have joined the Supreme Court since its *Hellerstedt* decision, which makes the "abortion is different" approach that this Court read into *Hellerstedt* ripe for reconsideration.

The Fifth Circuit and the newly reconstituted Supreme Court should be given an opportunity to promptly weigh in on the scope of *Hellerstedt*'s res judicata holding. If the Fifth Circuit agrees with this Court that *Hellerstedt* established a unique res judicata regime for abortion cases only, then the plaintiffs intend to seek certiorari and ask the Supreme Court to either extend *Hellerstedt*'s res judicata holding to all cases (including this one) or else overrule the decision. The plaintiffs' appeal of this issue should proceed without delay. There is much that remains to be litigated in this case, and a refusal to enter partial final judgment will perpetuate a regime that exempts abortion providers from the rules of res judicata that apply to other litigants. *See* 28 U.S.C. § 453 (requiring courts to administer justice "without respect to persons").

It will also facilitate judicial administration for the res judicata appeal to proceed separately from any eventual appeal on the Appointments Clause issue. Each of these questions is substantial and worthy of its own appeal (and certiorari petition). Entering partial final judgment will allow an appellate panel (and perhaps the Supreme

---

4. Opinion and Order (ECF No. 21) at 18.
5. *See Janklow v. Planned Parenthood, Sioux Falls Clinic*, 517 U.S. 1174, 1180 (1996) (Scalia, J., dissenting from the denial of the petition for certiorari); *Hill v. Colorado*, 530 U.S. 703, 764 (2000) (Scalia, J., dissenting); *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2330–31 (2016) (Alito, J., dissenting).

Court) to gives its undivided attention to the res judicata issue, without the distraction of an equally weighty question surrounding the constitutionality of 42 U.S.C. § 300gg-13(a)(4). It will also allow for a clean appeal on the Appointments Clause issue after this Court's rules on the constitutionality of the statute, without requiring the parties to brief and argue an ancillary res judicata question in the same appeal.

## II. THE CLAIMS THAT THIS COURT HAS DISMISSED ARE SEPARABLE FROM THE CLAIMS REMAINING TO BE ADJUDICATED

The res judicata issue that Mr. Leal and Mr. Von Dohlen seek to appeal is separable from Ms. Armstrong's Appointments Clause challenge to 42 U.S.C. § 300gg-13(a)(4). This Court has recognized that Ms. Armstrong's claims do not implicate res judicata at all "because she is not part of the religious objector class certified in *DeOtte*." *See* Opinion and Order (ECF No. 21) at 23. And the Court's holding on this point is unassailable. The res judicata issues have nothing to do with Ms. Armstrong's remaining claims in this case.

## III. THERE IS NO RISK THAT ANY APPELLATE COURT WOULD HAVE TO DECIDE THE SAME ISSUES MORE THAN ONCE IF THE COURT ENTERS JUDGMENT UNDER RULE 54(b)

There is no risk that an entry of partial final judgment against Mr. Leal and Mr. Von Dohlen, and in favor of the federal defendants, will risk duplicative appellate-court proceedings on any issue in this case. Mr. Leal and Mr. Von Dohlen will appeal *only* the res judicata issue, and the remaining claims in this case cannot possibly implicate res judicata because Ms. Armstrong was not a member of the *DeOtte* class. Any subsequent appeal in this case will have nothing to do with res judicata, so there is no risk of duplicative or partially redundant appellate-court proceedings.

## CONCLUSION

The motion for entry of partial final judgment should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| Marvin W. Jones | Jonathan F. Mitchell |
| Texas Bar No. 10929100 | Texas Bar No. 24075463 |
| Christopher L. Jensen | Mitchell Law PLLC |
| Texas Bar No. 00796825 | 111 Congress Avenue, Suite 400 |
| Sprouse Shrader Smith PLLC | Austin, Texas 78701 |
| 701 S. Taylor, Suite 500 | (512) 686-3940 (phone) |
| Amarillo, Texas 79101 | (512) 686-3941 (fax) |
| (806) 468-3335 (phone) | jonathan@mitchell.law |
| (806) 373-3454 (fax) | |
| marty.jones@sprouselaw.com | H. Dustin Fillmore III |
| chris.jensen@sprouselaw.com | Texas Bar No. 06996010 |
| | Charles W. Fillmore |
| | Texas Bar No. 00785861 |
| | The Fillmore Law Firm, LLP |
| | 201 Main Street, Suite 801 |
| | Fort Worth, Texas 76102 |
| | (817) 332-2351 (phone) |
| | (817) 870-1859 (fax) |
| | dusty@fillmorefirm.com |
| | chad@fillmorefirm.com |

*Counsel for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with Christopher Lynch, counsel for the federal defendants, who opposes this motion, as well as Matthew Bohuslav, counsel for the state defendants, who is unopposed to this motion.

                                            /s/ Jonathan F. Mitchell
                                            JONATHAN F. MITCHELL
                                            *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on February 6, 2021, I served this document through CM/ECF upon:

CHRISTOPHER M. LYNCH
JORDAN L. VON BOKERN
Trial Attorneys
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, DC 20005
(202) 353-4537 (phone)
(202) 616-8460 (fax)
christopher.m.lynch@usdoj.gov
jordan.l.von.bokern2@usdoj.gov

BRIAN W. STOLTZ
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
(214) 659-8626 (phone)
(214) 659-8807 (fax)
brian.stoltz@usdoj.gov

*Counsel for the Federal Defendants*

MATTHEW BOHUSLAV
Assistant Attorney General
General Litigation Division
Post Office Box 12548
Austin, Texas 78711-2548
(512) 463-2120 (phone)
(512) 320-0667 (fax)
matthew.bohuslav@oag.texas.gov

WILLIAM SUMNER MACDANIEL
Assistant Attorney General
Financial Litigation and Charitable Trusts Division
Post Office Box 12548
Austin, Texas 78711-2548
(512) 936-1862 (phone)
(512) 477-2348 (fax)
william.macdaniel@oag.texas.gov

*Counsel for the State Defendants*

  /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiffs*