IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| VICTOR LEAL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NORRIS COCHRAN,[1] *et al.*, <br><br> Defendants. | Civil Action No. 2:20-CV-185-Z |

**FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PARTIAL JUDGMENT UNDER RULE 54(b)**

PRERAK SHAH
Acting United States Attorney

Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE R. BENNETT
Assistant Branch Director

CHRISTOPHER M. LYNCH
(D.C. Bar # 1049152)
JORDAN L. VON BOKERN
(D.C. Bar # 1032962)
Trial Attorneys
U.S. Department of Justice
Civil Division
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 305-7919
Fax: (202) 616-8460
Email: Jordan.L.Von.Bokern2@usdoj.gov

Attorneys for Federal Defendants Norris Cochran,
Janet L. Yellen, Al Stewart, and the United States

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Health and Human Services Norris Cochran has been substituted for Alex M. Azar II, Secretary of the Treasury Janet L. Yellen has been substituted for Steven T. Mnuchin, and Acting Secretary of Labor Al Stewart has been substituted for Eugene Scalia.

Plaintiffs ask this Court to enter a partial judgment under Rule 54(b), so that they can pursue the same claims against the same defendants in a third simultaneous set of federal court proceedings. They do not and cannot claim any prejudice from waiting until final judgment, as they already enjoy the benefits of an injunction preventing the challenged law from applying to them, and a victory by the remaining plaintiff on the remaining claim in this case would vindicate any purported interest in their own claims. In the absence of prejudice, they offer little justification beyond a desire to line up discrete appeals on interesting issues for the Fifth Circuit and the Supreme Court to consider. But that hope for debatably less-complicated appeals cannot override the strong interest in orderly judicial administration and the preservation of judicial and party resources. Federal Defendants respectfully request that the Court deny Plaintiffs' motion.

## I. BACKGROUND

This case actually involves two separate federal lawsuits featuring identical parties, identical claims, and identical factual assertions. In the first lawsuit ("*Leal I*"), Plaintiff Victor Leal originally filed an action in state court against the defendants in this case, who removed it to federal court under the removal statute for suits against federal officers. *See* Notice of Removal, *Leal v. Azar*, Case No. 2:20-cv-124-Z, ECF No. 1 (N.D. Tex. May 15, 2020). Federal Defendants in that case filed a motion to dismiss on numerous grounds, including for lack of subject-matter jurisdiction under the doctrine of derivative jurisdiction. *Leal I*, ECF No. 14. Leal then filed an amended complaint, adding Plaintiffs Von Dohlen and Armstrong. *Leal I*, ECF No. 15. Federal Defendants renewed their motion to dismiss, and this Court dismissed Federal Defendants from the case under the doctrine of derivative jurisdiction. ECF No. 26 (Sept. 24, 2020). Plaintiffs' appeal of that dismissal is pending before the Fifth Circuit. *Leal v. Cochran*, Case No. 20-11083 (5th Cir.).

Two days before Federal Defendants filed their renewed motion to dismiss in *Leal I*, Plaintiffs filed the instant lawsuit. *See* Complaint, *Leal v. Azar*, Case No. 2:20-cv-185-Z, ECF No. 1 (N.D. Tex. Aug. 1, 2020). This case has the exact same plaintiffs, defendants, claims, and factual allegations as the amended complaint in *Leal I*, but because it was not filed in state court,

it does not suffer from the derivative-jurisdiction shortcoming in *Leal I*. Despite filing this identical lawsuit that cures that jurisdictional defect, Plaintiffs are nonetheless still appealing the dismissal of *Leal I* in the Fifth Circuit.

Federal Defendants moved to dismiss this second action, raising numerous defenses. In relevant part, Federal Defendants argued that res judicata bars the claims of the religious objectors (Leal and Von Dohlen); they are members of a certified class in an earlier challenge to the contraceptive requirement, *DeOtte v. Azar*, Case No. 4:18-cv-00825-O (N.D. Tex.), in which the court permanently enjoined the application of the contraceptive requirement against religious objectors.

This Court agreed with Federal Defendants that Leal and Von Dohlen's claims were barred by res judicata, because they were members of the class in *DeOtte* and that case could have brought the Appointments Clause, nondelegation, and RFRA challenges at that time. ECF No. 21 at 15–16. Plaintiff Armstrong professes no religious or moral objection to purchasing insurance that covers contraceptives and thus did not raise a RFRA challenge, and the Court dismissed her nondelegation claim as well. But it denied the motion to dismiss Armstrong's Appointments Clause challenge, holding that Armstrong had alleged a violation of that provision. *Id.* at 23.

Plaintiffs Leal and Von Dohlen now seek to have partial judgment entered against them on the claims they assert, so that they can appeal the dismissal of their claims before this Court resolves Armstrong's challenge under the Appointments Clause.

## II. PARTIAL JUDGMENT WOULD WASTE JUDICIAL RESOURCES WITHOUT BENEFITTING PLAINTIFFS

A partial judgment under Rule 54(b) can be issued "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, the Supreme Court has cautioned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Instead, the Court should determine "the 'appropriate time' when each final decision in a multiple claims action is ready for appeal," which the Court

should evaluate "'in the interest of sound judicial administration.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). The Supreme Court has instructed that a court facing a Rule 54(b) motion should consider both "judicial administrative interests" and "the equities involved," and should ensure that disposition of such motions "preserves the historic federal policy against piecemeal appeals." *Id.* A court "should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). As the Fifth Circuit recognized, "[t]he procedure should be sparingly and deliberately used for it brings parts of a case before the court seriatim." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).

In this case, judicial administration and the equities counsel against certifying a partial judgment for piecemeal appeal. The certified judgment would overlap with claims still live in this litigation, requiring parallel litigation in this case of matters that may impact one another. Indeed, Plaintiffs have already created unnecessary proceedings in this lawsuit—they filed this lawsuit to cure a jurisdictional defect in a previous suit that had the same exact parties, claims, and factual allegations, yet they are also still appealing the dismissal of Federal Defendants from that lawsuit. Entering a partial judgment in this case means that Plaintiffs would be proceeding in three separate sets of proceedings against the same defendants on the same exact allegations and claims.

There is no reason to override the "historic federal policy against piecemeal appeals" in this case. *Curtiss-Wright Corp.*, 446 U.S. at 8. Plaintiffs have not identified any interest that would be served by piecemeal appeals except a desire to have several legal issues each receive a "clean appeal" that will permit the court of appeals to "give its undivided attention." ECF No. 26 at 4–5. But that is an interest that would be implicated by any request for an entry of partial judgment, and the Fifth Circuit prohibits entering a partial judgment as a "courtesy" without "some danger of hardship or injustice through delay." *PYCA Indus.*, 81 F.3d at 1421.

Plaintiffs have not identified any hardship or delay that would attach if the appeal took place in the ordinary course at the conclusion of the lawsuit, and they cannot. The requirement that

**Response in Opposition to Motion for Partial Judgment – Page 3**

forms the basis of their purported injury already cannot be enforced against them because of an injunction entered by another court in this district. *See* Compl. Ex. 8, ECF No. 1-8 (final judgment in *DeOtte*). Even if the Court could be assured that partial judgment would result in "clean" appeals, which as explained below, it cannot, there is no reason to conclude that the creation of multiple "clean" appeals is administratively preferable to the presentation of a single appeal. Seriatim appeals drain resources of the courts and the parties, without providing any efficiencies absent special circumstances. The default rule in favor of a single appeal at the end of the case reflects a judgment that handling trial and appellate litigation in that fashion is ordinarily desirable. Plaintiffs have identified nothing that takes this case outside of the mine run of cases.

The purported benefits of a partial judgment in this case are minuscule, to the extent they exist at all. The Fifth Circuit is perfectly capable of handling an appeal that deals with multiple legal issues, which they do with some frequency; it has not expressed a preference for a higher number of more discrete appeals. And the continued consideration of Armstrong's claim, which is identical to one that Leal and Von Dohlen hope to revive on appeal, should mitigate any concern that Leal and Von Dohlen might feel from waiting on their own Appointments Clause claim. Leal and Von Dohlen raise the same Appointments Clause challenge as their co-plaintiff Armstrong, and that Appointments Clause challenge will go on; Leal and Von Dohlen have not explained how they will be harmed by waiting to have their appeal adjudicated until after this Court rules on the merits of that challenge.

Furthermore, even if there were some merit to breaking appeals into more easily manageable pieces, Plaintiffs' proposal would not achieve that end. Their desired interim appeal could easily require the Fifth Circuit to resolve antecedent issues for Leal and Von Dohlen, including those that will persist in the Armstrong litigation, thus muddying the appeal anyway and increasing the chance that the Fifth Circuit will need to hear the same issue on multiple appeals. For example, Leal and Von Dohlen present some of the same arguments on Article III standing as Armstrong does, and Defendants raise some of the same responses across the three Plaintiffs. The Fifth Circuit would need to assure itself of Leal and Von Dohlen's standing before moving to the

question of res judicata. *See, e.g., Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015). Leal and Von Dohlen's proposed "clean" appeal thus already implicates multiple issues, some of which overlap with Armstrong's own case. And even though this Court pretermitted ruling on Leal and Von Dohlen's claims in light of the res judicata holding, the Fifth Circuit might still find it necessary to determine whether Leal and Von Dohlen had stated a claim on their other challenges, as the Fifth Circuit has long held that it may "affirm on 'any ground supported by the record, even if it is different from that relied on by the district court.'" *Eastus v. ISS Facility Servs., Inc.*, 960 F.3d 207, 211 (5th Cir. 2020) (*quoting Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001)). Plaintiffs are asking this Court to create a third simultaneous federal proceeding on their claims on the uncertain chance that the third proceeding may be less complicated than one of the others. That is a poor reason to disrupt the orderly administration of this case and override the default rule against piecemeal appeals.[2]

Nor is providing an avenue for plaintiffs to pursue their interest in clarifying the law of res judicata sufficient basis to certify partial judgment here. The Supreme Court and Fifth Circuit have made clear that partial judgment is the exception, not the rule, and that it can take place only after a weighing of the equities and of the interests of judicial administration. *Curtiss-Wright Corp.*, 446 U.S. at 8; *Jasmin*, 726 F.2d at 244. Those analyses do not include weighing the litigants' desire to clarify or change collateral areas of law that they believe have not been treated evenhandedly by the Supreme Court. Plaintiffs have brought Federal Defendants into this Court to contest the validity of 42 U.S.C. § 300gg-13(a)(4) and the contraceptive coverage requirement, not to dragoon them into a vessel aimed for more interesting seas.

* * * * * *

For all these reasons, Plaintiffs' motion for partial final judgment (ECF No. 26) should be denied.

---

[2] Plaintiffs' proposed appeal could also implicate the issues in a case with similar claims brought by Plaintiff's counsel also currently pending before another court in this district. *See Kelley v. Azar*, 4:20-cv-00283-O (N.D. Tex.).

| | |
|---|---|
| Dated: March 1, 2021 | Respectfully submitted, |
| PRERAK SHAH<br>Acting United States Attorney | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| */s/ Brian W. Stoltz*<br>Brian W. Stoltz<br>Assistant United States Attorney<br>Texas Bar No. 24060668<br>1100 Commerce Street, Third Floor<br>Dallas, Texas 75242-1699<br>Telephone:     214-659-8626<br>Facsimile:     214-659-8807<br>brian.stoltz@usdoj.gov | MICHELLE R. BENNETT<br>Assistant Branch Director<br><br>CHRISTOPHER M. LYNCH<br>(D.C. Bar # 1049152)<br>*/s/ Jordan L. Von Bokern*<br>JORDAN L. VON BOKERN<br>(D.C. Bar # 1032962)<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>1100 L Street, NW<br>Washington, D.C. 20005<br>Telephone: (202) 305-7919<br>Fax: (202) 616-8460<br>Email: Jordan.L.Von.Bokern2@usdoj.gov |

Attorneys for Federal Defendants Norris Cochran,
Janet L. Yellen, Al Stewart, and the United States

## Certificate of Service

On March 1, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties who have appeared in the case electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jordan L. Von Bokern*
Jordan L. Von Bokern
